UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MILLER FAUCHER CHERTOW
CAFFERTY AND WEXLER, a foreign
entity,

        Plaintiff,

        vs.                                 CIVIL NO. 96-1770 LH/RLP

TURNER W. BRANCH, individually,
MARGARET MOSES BRANCH, individually
and TURNER W. BRANCH, P.A., a New
Mexico corporation,

        Defendants.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

    THIS MATTER came before the Court for evidentiary hearing on March 31, 1998.

    The Court considered the Intervenor's Application In Intervention filed June 19, 1997 **(Docket No. 23)**, the First Amended Application in Intervention filed July 1, 1997 **(Docket No. 25)** and Intervenor's Second Amended Petition filed October 9, 1997 **(Docket No. 37)**[2]. The parties settled the controversy between them on the motions to enforce settlement on April 1, 1998 by agreeing to binding arbitration on all issues raised in the action before The Honorable Robert DeGiacomo, United States Magistrate Judge.

---

[1] The presiding judge referred this matter to me pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket No. 38). Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] A separate Order of Reference (Docket No. 35) dated September 23, 1997 also referred the Motion by Defendant to Enforce Settlement Entered into Between the Parties on 12/20/96 filed May 20, 1997 (Docket No. 15) and the Motion by Plaintiff to Enforce the Agreement Entered on 12/20/96 filed June 4, 1997 (Docket No. 18).

The Court, after considering the testimony of the witnesses, the exhibits, all pleadings on file, the arguments of counsel and otherwise being fully advised, issues the following findings of fact, conclusions of law and recommendations.

FINDINGS OF FACT

1.  On December 17, 1996 the law firm of Miller, Faucher, Chertow, Cafferty & Wexler ("Miller law firm") filed an action against Turner Branch, Margaret Moses Branch and Turner W. Branch, P.A. (referred to collectively as the "Branch law firm").  The action between the Miller law firm and the Branch law firm involved a contractual dispute over an Association Agreement and an Amendment to the Association Agreement ("the agreement") entered into between the two law firms for the purpose of prosecuting various environmental ground water cases in the San Juan Basin in Colorado and New Mexico.

2.  The written agreement that is the subject matter of the complaint was entered into on February 21, 1994 (superseding the January 20, 1993 agreement).  This agreement did not involve the intervenor, Sandra McKenzie, Esquire.

3.  The cases covered by the agreement were tried (*Dippery, et al. v. Amoco Production, Inc.*, Civil No. 93-1091 LB/LFG) or settled.  Various claims for expenses and attorney fees have been made by the Miller law firm against the Branch law firm who placed monies from the settlements in the First Security Bank and Nations Bank.  The accounts are valued at $582,541.27.

4.  The Branch law firm agreed with Broadus Spivey, Esquire, a Texas trial lawyer, to help prepare and try various cases involved in the San Juan litigation in the summer of 1996.

5.  The Branch law firm made an agreement with Mr. Spivey to divide up attorney's fees recovered in the prosecution of the San Juan cases in the proportion of 1/3 for Mr. Spivey and 2/3 for the Branch law firm.  Mr. Spivey was not a party to the agreement between the Miller law firm and the Branch

law firm. In effect, the Branch law firm subcontracted with Mr. Spivey, subject to the agreement with the Miller law firm.

6. The Branch law firm has paid Mr. Spivey in various increments pursuant to their contract. Mr. Spivey has received a total of $60,000 from the Branch law firm.

7. After the agreement was reached between the Branch law firm and Mr. Spivey, Mr. Spivey hired the intervenor, Sandra McKenzie, Esquire a Texas attorney, to help him work on the cases with the Branch law firm.

8. The Branch law firm never hired Ms. McKenzie nor had any formal contractual relationship with her.

9. At all times material to the pendency of the San Juan cases, Mr. Spivey either employed or contracted with Ms. McKenzie.

10. Ms. McKenzie was paid $3,000 a month from October 1996 through April 1997 by Mr. Spivey. This money was paid under an agreement between Mr. Spivey and Ms. McKenzie. See Exhibit 40.

11. Ms. McKenzie and Mr. Spivey amended their initial agreement and on April 16, 1997 and thereafter, Mr. Spivey agreed to pay Ms. McKenzie $25.00 per hour for her legal work. See Exhibit 42.

12. To date Ms. McKenzie has not asserted any claims against Mr. Spivey.

## CONCLUSIONS OF LAW

13. Ms. McKenzie's theories of recovery against the funds in dispute in this case are: breach of contract, common fund and unjust enrichment. For the reasons set forth below, I find that all of these theories of recovery are without merit.

14. This is a dispute between lawyers. The Miller firm and the Branch firm's relationship is defined by their contracts and the same is true of the contracts between Mr. Spivey and Ms. McKenzie. It is clear to me that all of the lawyers involved in this case were well aware that their various

compensation levels would be governed by contract.  This is no surprise since lawyers should be held to understand the law of contract and should be able to adequately protect themselves by contract.  Clearly, there was no contract between Ms. McKenzie and either the Miller firm or the Branch firm.  Her contract was with Mr. Spivey.  Her compensation is therefore governed by her contract with Mr. Spivey.

15.     Ms. McKenzie argues there is a contract between her and the Branch law firm because of statements made to her by Mr. Spivey and the fact that Mr. Spivey and the Branch law firm were joint venturers.  *Waterman v. Rabinovitz,* 779 P.2d 826 (Az. 1989).  The foundation for this logic is the assumption that a joint venture existed between the Branch law firm and Mr. Spivey.  Certainly a contract existed, but there was nothing more.  Mr. Spivey could not take control of the management of the cases and bind the Branch firm at will.  All he could do is bind himself.  No contractual claim exists between Ms. McKenzie and either the Miller law firm or the Branch law firm.

16.     The alternative theories proposed by Ms. McKenzie are the common fund doctrine and unjust enrichment, both equitable remedies.  Ms. McKenzie cites *Martinez v. St. Joseph Healthcare System,* 871 P.2d 1363 (N.M. 1994) for the proposition that Ms. McKenzie is entitled to recover out of a common fund she helped create.  Further, Ms. McKenzie cites *Hydro Conduit Corp. V. Kemble,* 793 P.2d 855 (N.M. 1990) for the proposition that the parties in this case have been unjustly enriched at the expense of Ms. McKenzie and should disgorge their enrichment.  Aside from the fact that *Martinez* and *Hydro Conduit* are inapposite, Ms. McKenzie ignores the basic premise of equitable remedies.  The remedy at law must be inadequate.  *Dobbs' Hornbook on Remedies*, § 2.5 (1973).  No showing has been made that Ms. McKenzie's contractual remedies are inadequate.

## RECOMMENDATION

As stated hereinabove, I find Ms. McKenzie has no cognizable legal claims to the present action.  I recommend that the Intervenor's Application in Intervention (Docket No. 23), the First Amended

Application in Intervention (Docket No. 24) and Intervenor's Second Amended Petition (Docket No. 37)

be dismissed with prejudice.

_____
RICHARD L. PUGLISI
United States Magistrate Judge

Gerald G. Dixon, Esquire - Attorney for Plantiff, Miller, Faucher Chertow, Cafferty & Wexler
Daniel W. Lewis, Esquire - Attorney for Plaintiff, Miller, Faucher Chertow, Cafferty & Wexler
Steven S. Scholl, Esquire - Attorney for Plaintiff, Miller, Faucher Chertow, Cafferty & Wexler
Maureen Sanders, Esquire - Attorney for Plaintiff-In-Intervention, Sandra McKenzie
Ray R. Twohig, Jr., Esquire - Attorney for Defendants